(No. 48788.—

FEDERAL LIFE INSURANCE COMPANY *et al.,* Appellees, v. THE DEPARTMENT OF LOCAL GOVERNMENT AFFAIRS *et al.,* Appellants.

*Opinion filed December 3, 1976.*

SCHAEFER and GOLDENHERSH, JJ., took no part.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Otis H. Halleen and Robert M. Farquharson, of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellees.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The defendants, the Department of Local Government Affairs and Frank A. Kirk, its director (hereafter, the

Department), appealed to the appellate court from a judgment of the circuit court of Cook County which held that the formula used by the Department to determine the 1972, 1973 and 1974 capital stock tax assessments of the plaintiffs, eight life insurance companies organized and doing business under the laws of the State of Illinois, was erroneous. The trial court decided that the formula violated section 72 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 553), and Rules 11 and 13 of the Department. We granted the .plaintiffs' petition that this court take the appeal under our Rule 302(b) (58 Ill. 2d R. 302(b)).

Section 72 of the Revenue Act of 1939 provides, in part:

> "In computing the taxable property of a life insurance company organized under the laws of this State, there shall be deducted from its gross assets the value of its real estate and of its personal property otherwise taxed, the net value of its outstanding policy contracts calculated according to the mortality table and rate of interest fixed by law, and all its other liabilities (except capital and surplus funds) of the same kind and nature as those treated or required to be shown as liabilities in the last annual sworn statement of said company to the Department of Insurance and therein deducted from its admitted assets in order to determine its unassigned funds or surplus, and the remainder shall be the amount of personal property for which the company shall be assessed." (Ill. Rev. Stat. 1975, ch. 120, par. 553.)

Rule 11 of the Department provides that exempt assets (*e.g.*, United States government obligations, shares of stock of national banks) held by the plaintiffs shall be deducted from the "gross aggregate market value" when the Department computes the capital stock tax assessment. Rule 13 requires the Department to follow the provisions of section 72 of the Revenue Act which we have set out above.

Prior to 1972 the Department computed the plaintiffs' capital stock tax assessment in the following manner:

the total of the exempt assets was subtracted from the amount by which the gross assets exceeded the liabilities; the remainder was subject to taxation. In 1972, 1973 and 1974 the Department used a new formula. It first divided the liabilities by the gross assets and multiplied the exempt assets by the quotient. The product was subtracted from the amount of the exempt assets, and the remainder of this computation was added to the liabilities. This sum was then subtracted from the gross assets; the remainder was subject to taxation.

This example will help to illustrate the different results under the pre-1972 and post-1972 formulas. We shall assume that the life insurance company in the example has gross assets totaling $1,000,000, liabilities totaling $600,000 and exempt assets totaling $400,000.

| *pre-1972 formula* | *post-1972 formula* |
|---|---|
| $1,000,000 gross assets<br>− 600,000 liabilities<br>─────<br>400,000<br>− 400,000 exempt assets<br>─────<br>0 subject to taxation | $\dfrac{\$\ 600{,}000\ \text{liabilities}}{1{,}000{,}000\ \text{gross assets}} = .6$<br><br>400,000 exempt assets<br>× .6<br>─────<br>240,000<br><br>400,000 exempt assets<br>− 240,000<br>─────<br>160,000<br>+ 600,000 liabilities<br>─────<br>760,000<br><br>1,000,000 gross assets<br>− 760,000<br>─────<br>240,000 subject to taxation |

As can be seen, the plaintiffs could avoid taxation under the pre-1972 formula by acquiring exempt assets equal to or greater than the amount by which their gross assets exceed their liabilities. And in fact this is what has been done by the plaintiffs. The parties have stipulated

that if it is held that the application of the post-1972 formula was improper, there is no tax owed by any of the plaintiffs.

The Department complains that the plaintiffs, under the pre-1972 formula, have been able to avoid taxation because the formula allows the allocation of all of the plaintiffs' taxable assets to maintain reserves adequate to meet liabilities on their outstanding policies. Section 72 provides that these reserves, in the form of liabilities, are deductible from gross assets in computing the taxable property of a company. After this allocation for reserves, the only assets remaining in the cases of the plaintiffs are exempt assets, such as United States government obligations, shares of stock of national banks and real estate. Under the post-1972 formula, the Department would require the plaintiffs to allocate, as the Department in its brief puts it, "a portion of their tax-exempt securities to their reserves."

We consider the Department's position to be unsound. First, there is nothing in section 72 to prohibit the companies from arranging their assets to secure deductions as these plaintiffs have done. Second, section 72 clearly provides that "real estate *** and personal property otherwise taxed" shall be deducted along with all liabilities (including the reserves) from a company's gross assets. The exempt assets of the plaintiffs which are prorated by the Department's post-1972 formula would include "real estate *** and personal property otherwise taxed" and United States government obligations. The latter category is included within the exempt assets because the State, of course, is prohibited from taxing them. (U.S. Const., art. I, sec. 8, cl. 2; 31 U.S.C. sec. 742 (1970).) Section 72 does not make any provision for the prorating of either "real estate *** and personal property otherwise taxed" or United States government obligations. The Department had no authority under section 72 to use what we have described as the post-1972 formula.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

SCHAEFER and GOLDENHERSH, JJ., took no part in the consideration or decision of this case.